UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7897 CAS (AJWx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | VIVIAN CUADRAS, ETC. v. METROPCS WIRELESS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:

Not Present                                                   Not Present

**Proceedings:**    **(In Chambers:) DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION** (filed 12/14/10)

**DEFENDANT'S MOTION FOR <u>LANDIS</u> STAY** (filed 12/14/10)

**DEFENDANT'S EX PARTE APPLICATION TO EXPEDITE RULING ON DEFENDANT'S MOTION FOR <u>LANDIS</u> STAY** (filed 1/14/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.    INTRODUCTION & BACKGROUND**

On August 28, 2009, plaintiff Vivian Cuadras, on behalf of herself and others similarly situated, filed a class action in Los Angeles Superior Court against defendant MetroPCS Wireless, Inc. ("MetroPCS"). On October 29, 2009, defendant timely removed the case to this Court based on diversity jurisdiction over the putative class action under the Class Action Fairness Act of 2005.

On November 22, 2010, the Court granted plaintiff's motion for leave to file a first amended complaint substituting Rosanna Trejo in place of Vivian Cuadras as the named plaintiff. <u>See</u> Dkt. No. 69. On November 22, 2010, plaintiff filed a first amended complaint against MetroPCS alleging (1) violation of California's Consumer Legal Remedies Act ("CLRA") (Civil Code § 1750, <u>et seq.</u>); (2) unfair business practice in violation of Unfair Competition Laws ("UCL") (Business and Professions Code § 17200, <u>et seq.</u>); (3) violation of California's False Advertising Laws ("FAL") (Business and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7897 CAS (AJWx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | VIVIAN CUADRAS, ETC. v. METROPCS WIRELESS, INC. | | |

Professions Code § 17500, et seq.); (4) breach of contract; (5) fraud; and (6) negligent misrepresentation.

On December 14, 2010, defendant filed a motion to compel arbitration and stay the litigation pending arbitration. Also on December 14, 2010, defendant filed a motion for a temporary Landis stay pending the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 130 S. Ct. 3222 (Mem.) (May 24, 2010) (petition for certiorari granted). On January 10, 2011, plaintiff filed oppositions to both of defendant's motions. On January 14, 2011, defendant filed a reply in support of its motion for a Landis stay, along with an ex parte application seeking an expedited ruling on its motion for a Landis stay. Plaintiff filed an opposition to defendant's ex parte application on January 18, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    EX PARTE APPLICATION

Defendant's ex parte application seeks an expedited ruling on its motion for a temporary Landis stay. The Court finds that an expedited ruling will save the Court and the parties time and expense in preparing for hearing and further briefing on defendant's motions. Moreover, the Court finds that oral argument on this matter is unnecessary. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the Court hereby GRANTS defendant's ex parte application.

## III.    LANDIS STAY

Defendant argues that because the Supreme Court is currently reviewing the law on unconscionability and class action waivers, the Court should stay this case pending the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 130 S. Ct. 3222 (Mem.) (May 24, 2010) (petition for certiorari granted). Mot. for Stay at 2.

Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The power to stay ongoing proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863–64 (9th Cir. 1979). In determining whether a stay is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7897 CAS (AJWx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | VIVIAN CUADRAS, ETC. v. METROPCS WIRELESS, INC. | | |

appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that it is appropriate to stay the case pending the Supreme Court's decision in Concepcion. Courts in this circuit, including this Court, have considered whether to issue Landis stays pending the Supreme Court's decision in Concepcion, and the weight of authority appears to be decidedly in favor of granting such stays. See, e.g., Knudtson v. AT&T Mobility LLC, No. 10-35242 (9th Cir. June 10, 2010); Coneff v. AT&T Corp., No. 09-35563 (9th Cir. June 2, 2010); Alvarez v. T-Mobile USA, Inc., CIV. 2:10-2373 WBS GGH, 2010 WL 5092971 (E.D. Cal. Dec. 7, 2010); Kaplan v. AT & T Mobility, LLC, No. CV CAS 10-3594(EX), 2010 WL 4774790 (C.D. Cal. Sept. 27, 2010); Lopez v. Am. Express Bank, FSB, No. 09-7335, 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010); McArdle v. AT&T Mobility LLC, No. 09-1117, 2010 WL 2867305 (N.D. Cal. Jul. 20, 2010); Burtescu v. AT&T Mobility LLC, No. 10-58569 (C.D. Cal. Aug. 25, 2010); Litman v. Cellco P'ship, No. 3-07-04886 (D. N.J. May 21, 2010).

Moreover, because based on existing law, it appears that the arbitration provision in question may be unconscionable and unenforceable, both parties would incur significant expenses in continuing litigation pending a decision in Concepcion. The Supreme Court's decision in Concepcion may render those expenditures unnecessary. While the Court recognizes the potential prejudice to the plaintiff due to delay, it finds that prejudice to be far outweighed by the potential prejudice to defendant that would result from the expense of continuing to litigate these claims.[1] Lopez v. Am. Express Bank, FSB, 2010 WL 3637755, at *4. The public interest in the preservation of judicial resources also weighs in favor of staying the case. McArdle v. AT&T Mobility, LLC, 2010 WL 2867305 at *4.

Plaintiff argues that staying the case pending a decision in Concepcion is

---

[1] The Court notes that the prejudice to plaintiff due to delay appears to be quite slight given that the Supreme Court heard oral argument in Concepcion on November 9, 2010, and is expected to issue a decision no later than June 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7897 CAS (AJWx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | VIVIAN CUADRAS, ETC. v. METROPCS WIRELESS, INC. | | |

unnecessary because defendant's motion to compel arbitration should be denied based on issues that will be unaffected by the Supreme Court's decision.[2]  Opp'n to Mot. to Stay at 2–4.  It is indisputable, however, that plaintiff opposes defendant's motion to compel arbitration on the grounds that the arbitration provision at issue is unconscionable and unenforceable.  See Opp'n to Mot. to Compel Arbitration at 9–15.  The Supreme Court's decision in Concepcion is likely to simplify whether the arbitration clause contained in MetroPCS's "Terms and Conditions" is unconscionable and unenforceable.  If the provision is unenforceable, defendant will most likely be unable to compel plaintiff to arbitrate her claims, and plaintiff's other arguments in opposition to defendant's motion to compel arbitration will be moot.  Furthermore, it is in the interest of judicial economy to assess defendant's motion to compel arbitration in its entirety rather than in a piecemeal fashion.[3]

Accordingly, the Court GRANTS defendant's motion for a Landis stay.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendant's ex parte application and motion for a Landis stay.  The Court hereby STAYS this action pending the Supreme Court's decision in Concepcion.  The Court hereby VACATES the hearing on defendant's motion to compel arbitration and stay litigation scheduled for February 7, 2011 at 10:00 a.m.  The parties are instructed to file a joint status report within 21 days of the decision in Concepcion as to its effect on the current dispute.  Thereafter, the Court will determine whether to reschedule a hearing on defendant's motion to compel arbitration and stay litigation.

IT IS SO ORDERED.

---

[2] For example, plaintiff argues that defendant waived the right to compel arbitration by removing the initial complaint to federal court and actively litigating the case in federal court.  See Opp'n to Mot. to Compel Arbitration at 3–9.

[3] Based on its reading of the tea leaves from oral argument before the Supreme Court in Concepcion, plaintiff argues that the Supreme Court is likely to uphold the Ninth Circuit's decision in Laster v. AT & T Mobility LLC, 584 F.3d 849, 859 (9th Cir. 2009), and therefore a stay is unnecessary.  The Court declines to speculate as to the outcome of the Supreme Court's ruling in Concepcion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7897 CAS (AJWx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | VIVIAN CUADRAS, ETC. v. METROPCS WIRELESS, INC. | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |